IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| RASHEED R. HARRIS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-1188 |
| | ) | |
| v. | ) | Chief Magistrate Judge Maureen P. Kelly |
| | ) | |
| LESINSKI, SILBAUGH, GILMORE and WETZEL, | ) ) | Re: ECF No. 47 |
| Defendants. | ) | |

## OPINION

### I. INTRODUCTION

In the operative Complaint, Plaintiff Rasheed R. Harris ("Plaintiff") advances claims under 42 U.S.C. § 1983 for alleged violations of his constitutional rights while he was incarcerated at the State Correctional Institute at Greene ("SCI-Greene"). ECF No. 7. Presently before the Court is Defendants' Motion for Summary Judgment filed on behalf of the two remaining Defendants, Lesinski and Silbaugh ("Defendants"). ECF No. 47. Defendants seek judgment as a matter of law pursuant to Federal Rule of Civil Procedure 56(a) as to all remaining claims asserted in the Complaint filed *pro se* by Plaintiff. For the reasons that follow, Defendants' Motion for Summary Judgment will be granted.

### II. PROCEDURAL BACKGROUND

On August 9, 2016, Plaintiff's Complaint was received by the Court. ECF No. 1. A Deficiency Order was issued on August 29, 2016, because Plaintiff had failed to include a motion to proceed in forma pauperis, a certified copy of his trust fund account statement for the six months preceding the filing of the complaint, a notice and authorization to withdraw funds

from his inmate account, service copies of the complaint, process receipt and return forms, and a notice and request for waiver of service. ECF No. 2 at 1-2. Accordingly, the case was dismissed and closed. ECF No. 2. However, the Court ordered that Plaintiff could reopen the case by remedying the aforementioned deficiencies. Id. at 2.

On September 15, 2016, Plaintiff filed a Motion and Declaration in Support of Motion for Leave to Proceed In Forma Pauperis and an authorization permitting withdrawal of prison account funds. ECF Nos. 3-4. On September 20, 2016, the Court reopened the case, granted the Motion for Leave to Proceed In Forma Pauperis and the Complaint was filed. ECF Nos. 5-7. In his Complaint, Plaintiff alleged: (1) a sexual assault by Defendant Lesinski on August 7, 2014; and (2) subsequent retaliation against Plaintiff by Defendant Silbaugh by issuance of a false misconduct report. ECF No. 7 at 2.

On November 21, 2016, Defendants filed a Motion to Dismiss. ECF No. 14. On December 13, 2016, Plaintiff filed a Motion to Withdraw Defendants Gilmore and Wetzel. ECF No. 19. Thereafter, this Court granted the Motion to Withdraw and dismissed Defendants Gilmore and Wetzel. ECF No. 20. In a separate order, this Court denied Defendants' Motion to Dismiss as moot. ECF No. 21.

On December 27, 2016, Defendants Lesinski and Silbaugh filed Defendants' Answer to Plaintiff's Complaint with Affirmative Defenses. ECF No. 23. Following the completion of discovery, Defendants' Motion for Summary Judgment was filed on November 7, 2017. ECF No. 47. The matter now being fully briefed, ECF Nos. 47-50 and 56, the Motion for Summary Judgment is ripe for consideration.

2

### III. STANDARD OF REVIEW

A grant of summary judgment is appropriate when the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Heffernan v. City of Paterson, 777 F.3d 147, 151 (3d Cir. 2015) (quoting Fed. R. Civ. P. 56(a)). A genuine issue of material fact is one that could affect the outcome of litigation. Willis v. UPMC Children's Hosp. of Pittsburgh, 808 F.3d 638, 643 (3d Cir. 2015) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). However, "'[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.'" N.A.A.C.P. v. North Hudson Reg'l Fire & Rescue, 665 F.3d 464, 475 (3d Cir. 2011) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

The initial burden is on the moving party to adduce evidence illustrating a lack of genuine issues. Hugh v. Butler Cnty. Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)). Once the moving party satisfies its burden, the non-moving party must present sufficient evidence of a genuine issue, in rebuttal. Santini v. Fuentes, 795 F.3d 410, 416 (3d Cir. 2015) (citing Matsushita Elec., 475 U.S. at 587). When considering the parties' arguments, the Court is required to view all facts and draw all inferences in the light most favorable to the non-moving party. Id. (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)). The benefit of the doubt will be given to allegations of the non-moving party when in conflict with the moving party's claims. Bialko v. Quaker Oats Co., 434 F.App'x 139, 141 n.4 (3d Cir. 2011) (citing Valhal Corp. v. Sullivan Assocs., 44 F. 3d 195, 200 (3d Cir. 1995)).

Nonetheless, a well-supported motion for summary judgment will not be defeated by "[u]nsupported assertions, conclusory allegation or mere suspicions." Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 252 (3d Cir. 2010) (citing Williams v. Borough of West Chester, 891 F.2d 458, 460 (3d Cir. 1989)).

## IV. DISCUSSION

### A. Assault by Lesinski

Defendants first argue that they are entitled to summary judgment because Plaintiff's claims are barred by the applicable statute of limitations. ECF No. 49 at 5-7. Defendants do not dispute that Plaintiff's initial Complaint was timely. However, they assert that because the relevant statute of limitations was expired at the time of the Court's issuance of the Deficiency Order and the Deficiency Order did not contain a specific time frame in which Plaintiff was to file a new complaint to reopen the case, the dismissal of the complaint had the effect of a final judgment.

"[T]he law regarding the finality of an order dismissing a complaint after the statute of limitations period is well-settled." Atkinson v. Middlesex Cnty., 610 F.App'x 109, 113 (3d Cir. 2015). Typically, a dismissal without prejudice is not a final and appealable order. Doe v. Hesketh, 828 F.3d 159, 164 (3d Cir. 2016) (citing Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005)). However, "'the dismissal of a complaint without prejudice after the statute of limitations has run forecloses the plaintiff's ability to remedy the deficiency underlying the dismissal.'" Atkinson, 610 F.App'x at 111 n.4 (quoting Brennan, 407 F.3d at 606). Under such circumstances, a claimant's only recourse is appeal. See Tarselli v. Superintendent Greene SCI, -- F.App'x --, 2018 WL 1445790, at *2 (3d Cir. Mar. 23, 2018) (citing Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002)). See also Wrobleski v. ACS, Civ. A. No. 14-0060, 2016 U.S. Dist.

4

LEXIS, at *5 (W.D. Pa. 2016) (explaining that an order dismissing a complaint without prejudice is not final and appealable unless the applicable statute of limitations has run by the time the order is entered).

"The statute of limitations applicable to § 1983 claims in Pennsylvania is two years." Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017). Defendant Lesinski's alleged assault of Plaintiff occurred on August 7, 2014. Defendants concede that the Complaint that Plaintiff mailed to the Court on August 5, 2016, would have been timely if it had been filed at that time. ECF No. 49 at 6. However, the Complaint was not then filed. As Defendants argue, because the Court's Deficiency Order was issued on August 29, 2016 – outside the statutory period – and because the Deficiency Order did not provide leave to remedy the deficiencies within a certain period of time, the statute of limitations was not tolled. See Brennan, 407 F.3d at 607. When the Court reopened the case on September 20, 2016, the statute of limitations had expired on Plaintiff's claim related to the assault.

The Court notes that Defendants did not identify the statute of limitations as an affirmative defense in their Answer, instead providing that that the "Defendants affirmatively plead any other matter constituting avoidance or affirmative defense." ECF No. 23 at 5. While the failure to raise an affirmative defense in an appropriate responsive pleading may result in waiver of the defense, Chainey v. Street, 523 F.3d 200, 209 (3d Cir. 2008), there is "no hard and fast rule limiting defendants' ability to plead the statute of limitations." Cetel v. Kirwan Fin. Group, Inc., 460 F.3d 494, 506 (3d Cir. 2006). A statute of limitations defense should simply be raised "as early as practicable, not only to avoid prejudice, but also to promote judicial economy." Robinson v. Johnson, 313 F.3d 128, 137 (3d Cir. 2002).

It is clear from the record, even when viewed in the light most favorable to Plaintiff, that the operative Complaint was filed after the passing of the two-year limitations period. Plaintiff points to no prejudice suffered by Defendants raising the affirmative defense at summary judgment, and the Court finds none. As such, the Court finds that the statute of limitations bars Plaintiff's Section 1983 claim related to the alleged August 7, 2014, assault by Lesinski. Accordingly, Defendant Lesinski is entitled to judgment as a matter of law with respect to the same.

Even if Plaintiff had properly filed the operative Complaint within the two-year limitations period, the Court finds that the record is devoid of evidence from which a reasonable factfinder could conclude that Plaintiff was sexually assaulted by Defendant Lesinski. As such, summary judgment as to this claim is warranted.

### B.   Retaliation by Silbaugh

Plaintiff's retaliation claim against Defendant Silbaugh, however, did not accrue until December 3, 2014 – the date of the issuance of the alleged false misconduct charge. Thus, the operative Complaint was filed within the applicable statutory period. As to this retaliation claim, Defendants argue that they are entitled to judgment as a matter of law because Plaintiff failed to exhaust his administrative remedies pertaining to the misconduct charge prior to the filing of the operative Complaint. ECF No. 49 at 13-15.

In accordance with the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust available administrative remedies before filing a claim in court. Harris v. Hyde, 709 F.App'x 144, 147 n.6 (3d Cir. 2017) (citing 42 U.S.C. § 1997e(a)). This "requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,

6

and whether they allege excessive force or some other wrong." Id. (quoting Porter v. Nussle, 534 U.S. 516, 532 (2002)).

The Pennsylvania Department of Corrections ("DOC") policy DC-ADM 801 provides for three levels of administrative appeals for misconduct charges. ECF No. 50 at 174-177. Through DOC documents of the appeal and an affidavit from a DOC employee who reviewed the records of the DOC's Automated Inmate Grievance Tracking System, Defendant's evidence of record clearly demonstrates that Plaintiff challenged the retaliatory nature of his misconduct charges at the first level of appeal, but no further. Id. at 171, 178-181.

In contrast, Plaintiff provides only an affidavit executed by himself, which states: "In this matter, Mr. Harris, did appeal all decisions by giving his appeals to the guards in the RHU. The defendants never responded." ECF No. 56-13. This evidence is insufficient to defeat summary judgment.

"Summary judgment is proper…where the pleadings, discovery, and *non-conclusory affidavits* show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." MD Mall Assoc., LLC v. CSX Transp., Inc., 715 F.3d 479, 485 n.6 (3d Cir. 2013) (citing Fed. R. Civ. P. 56(c)) (emphasis added). "[C]onclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment." Paladino v. Newsome, 885 F.3d 203, 208 (3d Cir. 2018) (citing Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 161 (3d Cir. 2009)). If a claimant wishes to rely upon an affidavit, it must set forth specific facts that reveal a genuine issue. Id. To vaguely claim that appeals were filed, that these appeals disappeared, that prison records are incomplete, or even that prison employees purposefully interfered, is not enough. Id.

Plaintiff's averment that he gave his appeals to prison staff and never received a response is impermissibly vague. Thus, Plaintiff's self-serving affidavit is inadequate to act as evidence of exhaustion of administrative remedies. Defendant Silbaugh is entitled to judgment as a matter of law with respect to Plaintiff's claim of retaliation due to his failure to exhaust administrative remedies.

## V. CONCLUSION

For these reasons, Defendants' Motion for Summary Judgment, ECF No. 47, will be granted. Defendants are entitled to judgment as a matter of law as to all claims asserted under § 1983 for violation of Plaintiff's constitutional rights. An appropriate Order follows.

## ORDER

AND NOW, this 11th day of June, 2018, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment, ECF No. 47, is GRANTED.

BY THE COURT:

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Rasheed R. Harris
GV-4753
SCI Fayette
P.O. Box 9999
LaBelle, PA 15450

All counsel of record via CM-ECF