IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RASHEED R. HARRIS, | )<br>) |
| Plaintiff, | ) Civil Action No. 16-1188<br>) |
| v. | ) Chief Magistrate Judge Maureen P. Kelly<br>) |
| LESINSKI, SILBAUGH, GILMORE<br>and WETZEL, | ) Re: ECF No. 61<br>)<br>) |
| Defendants. | ) |

## ORDER

On June 11, 2018, this Court granted Defendants' Motion for Summary Judgment and entered Judgment in favor of Defendants and against Plaintiff. ECF Nos. 57-58. Presently before the Court is Plaintiff's Motion to Alter or Amend Judgment, filed pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 61.

As this Court has held:

> ... Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." [United States v.] Fiorelli, 337 F.3d [282] at 288 [3d. Cir. 2003]. The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided.

Wei Ly v. Varner, Civ. A. No. 13-1102, 2014 U.S. Dist. LEXIS 106692, at *2-3 (W.D. Pa. Aug. 4, 2014).

In the instant Motion, Plaintiff does not cite to an intervening change in the controlling law, the availability of new evidence[1] or to a clear error of law or fact. Plaintiff does allege that he is prejudiced by the dismissal of Complaint. ECF No. 61 at 3-4. It appears that the Motion is based on a claim of manifest injustice.

"Manifest injustice '[g]enerally [] means that the Court overlooked some dispositive factual or legal matter that was presented to it.'" Black Bear Energy Servs. v. Youngstown Pipe & Steel, LLC, Civ. A. No. 15-50, 2017 U.S. Dist. LEXIS 108510, at *14 (W.D. Pa. July 13, 2017) (quoting Rose v. Alternative Ins. Works, LLC, Civ. A, No. 06-1818, 2007 U.S. Dist. LEXIS 64622, 2007 WL 2533894, at *1 (D.N.J. Aug. 31, 2007)). Plaintiff has failed to show that manifest injustice resulted from the judgment in this case, which was based on a proper application of established law.

AND NOW, this 12th day of July, 2018, IT IS HEREBY ORDERED that Plaintiff's Motion to Alter or Amend Judgment, ECF No. 61, is DENIED.

BY THE COURT:

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Rasheed R. Harris
GV-4753
SCI Fayette
P.O. Box 9999
LaBelle, PA 15450

All counsel of record via CM-ECF

---

[1] Plaintiff does allege that discovery will reveal additional facts. ECF No. 61 at 4. However, discovery in this case closed on August 8, 2017. ECF No. 33

2